# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

GARY MONTGOMERY,

*Plaintiff*,

v.

ARAMARK OF TENNESSEE, LLC,
SHAWN PHILLIPS, STACEY OAKS,
FRANK STRADA, OFFICER DUNCAN,
and JOHN DOE,

*Defendants*.

Case No. 3:25-cv-537

Judge Travis R. McDonough

Magistrate Judge Debra C. Poplin

## MEMORANDUM AND ORDER

Plaintiff Gary Montgomery, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently incarcerated at the Morgan County Correctional Complex ("MCCX"), filed a motion for leave to proceed *in forma pauperis* (Doc. 1); a civil rights complaint under Tennessee law, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 (Doc. 2); a motion for leave to file an amended complaint (Doc. 5); and a proposed amended complaint (Doc. 5-1).  For the reasons set forth below, the Court will **GRANT** Plaintiff's motions, **DISMISS** Plaintiff's federal claims for failure to state a claim upon which relief may be granted, **DECLINE** jurisdiction over Plaintiff's State-law claims, and **DISMISS** Plaintiff's State-law claims without prejudice.

## I.     MOTIONS

### A.     To Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee.  *See* 28 U.S.C. § 1915(a).  A

review of Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*id.*) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

### B. Motion to Amend

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days of service. *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff's motion to amend (Doc. 5), filed within twenty-one days of his initial complaint, will therefore be **GRANTED** as a matter of course. Thus, Plaintiff's amended complaint (Doc. 5-1) will serve as the operative pleading in this cause. *See In re Refrigerant*

2

*Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted).

## II.      SCREENING OF AMENDED COMPLAINT

### A.      Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

### B.     Plaintiff's Allegations

Plaintiff, who is "elderly and vulnerable[,]" was transferred from Bledsoe County Correctional Complex to the MCCX approximately one year ago. (Doc. 5-1 p. 1, 3). "His diabetes diagnosis and medical orders followed" him to the MCCX. (*Id.* at 3). Aramark, TDOC's food service provider, refused to follow Plaintiff's "medical order for a diabetic meal until [P]laintiff was [on] their internal diabetic meal distribution list." (*Id.*) That process took approximately five weeks. (*Id.*)

On March 16, 2025, Plaintiff attempted to enter the chow hall, but Officer Duncan denied him "the opportunity to eat[,]" even though "[t]he door to the chow hall was still open and residents were inside sitting and eating." (*Id.*) Plaintiff explained that he was diabetic and needed food, but Officer Duncan stated, "I don't care." (*Id.*) So, Plaintiff went without food and reported the incident to his unit officer. (*Id.*) Plaintiff asserts "[t]his is deliberate indifference." (*Id.*)

In August 2025, Plaintiff left the MCCX "for a couple days to attend a court hearing." (*Id.* at 3.) When Plaintiff returned to the MCCX, Aramark refused to serve him a diabetic meal pursuant to a "new rule that if you miss six (6) meals you are automatically dropped from diabetic special meals, regardless of medical orders." (*Id.*) Nurse Toya and Nurse Practitioner Kline "made numerous calls to Aramark," but it still took three weeks for Plaintiff to begin to receive diabetic meals again. (*Id.*)

Believing the above-recited conduct to violate his rights under Tennessee law and 42 U.S.C. §§ 1983 and 1985, Plaintiff filed the instant action against Aramark of Tennessee, LLC ("Aramark") and Defendants John Doe, the chief medical supervisor of the TDOC; Frank Strada, the commissioner of the TDOC; Stacey Oaks, the assistant warden over safety and security at the MCCX; Officer Duncan, the duty officer on the yard on March 16, 2025; and Shawn Phillips,

4

a warden at the MCCX.  (*Id.* at 2, 3.)  Plaintiff seeks a variety of injunctive, declaratory, and monetary relief (*Id.* at 3–4.)

### C.     Analysis

#### 1.     Section 1983 Claims

The crux of Plaintiff's complaint is that Plaintiff was allegedly denied medically prescribed care.  (*See generally*, Doc. 5-1.)  The Eighth Amendment, applicable to the States through the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII; *see also Robinson v. California*, 370 U.S. 660, 666–67 (1962).  This provision requires the government "to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  However, the United States Constitution does not guarantee a prisoner "unqualified access to healthcare."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Instead, the Eighth Amendment's prohibition against cruel and unusual punishment proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts:  (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need.  *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).  Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness.  *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40).  Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. And to set forth a viable constitutional claim for the denial of medical care, a plaintiff must plausibly allege that his health suffered as a result of the alleged denial of care. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Here, Plaintiff has not alleged any facts suggesting that his health was negatively impacted by the temporary denial of a specialized diabetic meal on two separate occasions. He does not allege that he was not provided food, he does not allege that he was unable to eat the food that he was provided without compromising his health, and he does not allege that he suffered any detriment to his health as a result of not being fed a diabetic meal tray on the complained of occasions. Therefore, Plaintiff has failed to state a colorable Eighth Amendment claim as to the temporary denial of a diabetic diet. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (affirming dismissal of claim based on inadequate nutrition where the plaintiff failed to allege that his health suffered as a result of the alleged deprivation of meals).

Similarly, Plaintiff has not alleged that his health suffered because Officer Duncan denied him a meal on a singular occasion. Thus, this allegation is insufficient to state an Eighth Amendment claim. *See, e.g.*, *Cunningham*, 567 F.2d at 659–60.

Moreover, the Court notes that Plaintiff has sued Defendants Phillips, Strada, Oaks, and Doe in both their individual and official capacities as employees of the TDOC. (*See* Doc. 5-1, at 2.) But the TDOC is an arm of the State of Tennessee, and thus, suit against Defendants in their respective official capacities is suit against the State itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Kentucky v.*

6

*Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But Plaintiff may not maintain suit against a State or its employees in their official capacities because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, all official-capacity claims against Defendants must be dismissed.

As to each Defendant's respective individual liability, Plaintiff maintains that Defendants Phillips, Strada, Oaks, and Doe are liable because of the duty of care they owe inmates due to their particular positions of authority. (*See* Doc. 5-1, at 2.) But a plaintiff cannot maintain suit against an individual defendant based solely on his or her position of authority, as there is no *respondeat superior* liability in a § 1983 action. *See, e.g.*, *Monell*, 436 U.S. at 691 (holding local government "cannot be held liable under § 1983 on a *respondeat superior* theory"). Instead, to state a claim against any Defendant individually, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff fails to plead any facts suggesting that any individual Defendant was personally involved in the events giving rise to this action.

And, to the extent Plaintiff purports to sue each of these Defendants under a theory of supervisory liability, he must show "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted). Plaintiff's complaint fails to state a colorable supervisory

liability claim, as it fails to allege that any individual Defendant violated any of Plaintiff's constitutional rights, or that he or she "directly participated" in or "encouraged" violations by the jail or Aramark staff. *Id.; see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))). Accordingly, Plaintiff has not pled sufficient facts to suggest that Defendants Phillips, Strada, Oaks, or Doe had any personal involvement in the incidents giving rise to Plaintiff's complaint, and all individual-capacity claims against these Defendants will likewise be dismissed.

Plaintiff maintains that Officer Duncan's behavior in denying him a meal on March 16, 2025, constitutes deliberate indifference. (*See* Doc. 5-1, at 2.) But Plaintiff has not presented any facts that would suggest that Officer Duncan's conduct posed an excessive risk to Plaintiff's health or safety, and the Court has already determined that Plaintiff's allegations against Officer Duncan fail to state a plausible constitutional claim. Thus, Plaintiff's claim that Officer Duncan acted with deliberate indifference is impermissibly conclusory, and Plaintiff's individual-liability claim against Officer Duncan will be dismissed. *See Iqbal*, 556 U.S. at 681 (noting conclusory allegations are not entitled to presumption of truth).

Plaintiff also purports to sue Aramark in its individual capacity, "but an entity . . . does not have an individual capacity." *Hodges v. Strada*, No. 3:23-CV-00952, 2025 WL 2471150, at *4 n.5 (M.D. Tenn. Aug. 27, 2025). Rather, a claim against Aramark may proceed only upon a plausible allegation that Plaintiff suffered a particular injury as a result of a policy or custom of the entity. *See id.*; *see also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011)

(holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). However, as the Court found above, Plaintiff has not identified any particular injury as a result of Aramark's alleged actions.

Accordingly, Plaintiff has failed to state a colorable Eighth Amendment claim under § 1983 against any of the named Defendants, and his § 1983 claims will be dismissed.

### 2. 42 U.S.C. § 1985

Plaintiff maintains that he is entitled to relief in this action under 42 U.S.C. § 1985 (*see* Doc. 5-1, at 1), which allows the recovery of damages against "two or more persons" who "conspire" to prevent an officer from discharging his duties, deter or intimidate a witness, or deprive another person of civil rights or privileges. 42 U.S.C. § 1985. However, Plaintiff has not alleged any facts that would support a conspiracy claim. Accordingly, any intended § 1985 claim will be dismissed.

### 3. State-Law Claims

Plaintiff alleges State-law claims for the "tort of the deprivation of food[,]" negligence, and negligence per se. (*See* Doc. 5-1, at 4.) Because the Court is dismissing Plaintiff's federal claims, the Court will exercise its discretion and decline to exercise supplemental jurisdiction over the remaining State-law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

9

3.      The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.      The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.      Plaintiff's motion to amend his complaint (Doc. 5) is **GRANTED**;

6.      Plaintiff's federal claims are **DISMISSED** for failure to state a claim;

7.      The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's State-law claims, and those claims are **DISMISSED without prejudice**; and

8.      The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**